PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLIE HARRIS, *et al.*, | ) | |
| | ) | CASE NO. 5:11CV0816 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF AKRON, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER OF PARTIAL DISMISSAL** |
| Defendants. | ) | [Resolving ECF No. 21] |

Defendant Bank of America, N.A., successor by merger to LaSalle Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust 2006-FF1 ("LaSalle") filed a Motion to Dismiss the Amended Complaint (ECF No. 21). Despite having been given an extension of time within which to file a memorandum in opposition, Plaintiffs have not opposed the motion.

On March 1, 2011, Defendant City of Akron ("the City") filed a lawsuit against Plaintiff Charlie Harris in the Akron Municipal Court to recoup the cost of removing litter and trash debris from Mr. Harris' property on 399 Wildwood Ave. in the City of Akron, Ohio. ECF No. 19-2. As the municipal court case indicates, LaSalle was not a party to the Municipal Action. On April 26, 2011, while the municipal court case was still ongoing, Mr. Harris, along with his wife, Plaintiff Jacqueline Harris, filed the case at bar, which was filed *pro se*, alleging that the City's $468.01 litter clean up fee was a racially-motivated conspiracy involving all Defendants. ECF No. 1. On July 20, 2011, Plaintiffs filed an Amended Complaint (ECF No. 16) asserting

(5:11CV0816)

causes of action under 42 U.S.C. § 1891, 42 U.S.C. §§ 1893, 1985, 1986, and 1988, 28 U.S.C. § 2201,[1] as well as alleged violations of equal protection and due process.

## I.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiffs are not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

---

[1] The Amended Complaint (ECF No. 16) contains an apparent typographical error at page 8, referring to 42 U.S.C. § 2201, which pertains to the Nuclear Regulatory Commission.

2

(5:11CV0816)

short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

Plaintiffs' Amended Complaint (ECF No. 16) does not satisfy these standards. It contains only one factual allegation asserted against LaSalle: That it "deliberately withheld legal documentation[,] thereby assisting other Defendants to strike out against the Plaintiffs." ECF No. 16 at ¶ 11. The assertion at ¶ 9 of the Amended Complaint (ECF No. 16) that Akron should have fined LaSalle (instead of Mr. Harris) for the condition of the Property, even if true, does not give Plaintiffs a cause of action against LaSalle. There also is no factual allegation that LaSalle was responsible for the Property's condition. *Thompson v. City of Memphis*, No. 11-6146, 2012 WL 3194489, at *4-5 (6th Cir. Aug. 7, 2012).

**II.**

Assuming *arguendo* that the Amended Complaint (ECF No. 16) complies with *Twombly* and *Iqbal*, it still fails as a matter of law. It contains no allegations of intent or that an activity enumerated in 42 U.S.C. § 1981 was impacted on the basis of Plaintiffs's race. *Gueye v. Media Bridges*, No. 1:08–cv–334–SSB–TSH, 2010 WL 2889075 (S.D. Ohio June 21, 2010) (dismissal is proper where a complaint fails to allege facts supporting all the required elements to state a claim for relief under § 1981). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Amended Complaint (ECF No. 16) contains no factual allegations supporting a conspiracy as required under § 1985. *Hicks v. City of Barberton*, No. 5:11CV76, 2011 WL 3022089, at *4-5

3

(5:11CV0816)

(N.D. Ohio July 22, 2011) (Lioi, J.) (civil conspiracy claim under § 1985 dismissed for failure to articulate the necessary facts to support it). Without a violation of § 1985, there can be no violation of § 1986. Id. at *5. A claim under § 1988 cannot be asserted against LaSalle. Wright v. Crowell, 674 F.2d 521, 522 (6th Cir. 1982) (a *pro se* litigant is not entitled to an award of attorney fees under civil rights statute). The Court declines to exercise its discretion under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Finally, LaSalle, a private party, could not violate Plaintiffs' due process rights, especially where it was not a party to the lawsuit against Plaintiff Charlie Harris in the Akron Municipal Court. U.S. v. Sanchez, 32 F.3d 1002, 1006 (7th Cir. 1994) (the Due Process Clause of the Fifth Amendment does not apply to "the actions of private individuals").

**III.**

Accordingly, the Court grants LaSalle's Motion to Dismiss the Amended Complaint (ECF No. 21). Plaintiffs' claims against Defendant Bank of America, N.A., successor by merger to LaSalle Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust 2006-FF1 are dismissed.

IT IS SO ORDERED.

 September 26, 2012           /s/ Benita Y. Pearson
Date                          Benita Y. Pearson
                              United States District Judge